**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112827

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kristine M. Farrell, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>United Recovery Systems, LP k/n/a Alltran Financial, LP,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Kristine M. Farrell, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against United Recovery Systems, LP k/n/a Alltran Financial, LP (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Kristine M. Farrell is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant United Recovery Systems, LP k/n/a Alltran Financial, LP, is a Texas Limited Partnership with a principal place of business in Harris County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated June 29, 2016. (**Exhibit 1.**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

18. The Letter states, and "Amount Due as of June 29, 2016."

19. The Letter further states, "As of the date of this letter you owe the amount stated above. Because your account continues to accrue interest and may accrue late and other charges on all owed balances pursuant to your agreement with Citibank, N.A., the amount due on the date you pay may be greater . . ."

20. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

21. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

23. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

27. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

28. The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

29. The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

30. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

31. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the future.

32.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

33.     For instance, the Letter fails to indicate the applicable interest rate.

34.     For instance, the Letter fails to indicate the date of accrual of interest.

35.     For instance, the Letter fails to indicate the amount of interest during any measurable period.

36.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

37.     For instance, the Letter fails to indicate the amount of late fees.

38.     For instance, the Letter fails to indicate the date such fees will be added.

39.     For instance, the Letter fails to indicate the amount of late fees during any measurable period.

40.     The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

41.     The Letter fails to state whether interest, late fees and/or other fees are accruing.

42.     The Letter fails to state what part of the amount stated is attributable to principal.

43.     The Letter fails to state what part of the amount stated is attributable to interest.

44.     The Letter fails to state what part of the amount stated is attributable to late fees.

45.     The Letter fails to state what part of the amount stated is attributable to other fees.

46.     The Letter fails to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

47.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

48.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

49.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

50.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would

not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

51. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

52. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

53. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

54. The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

55. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

56. The Letter, because of the aforementioned failures, violates 15 U.S.C. §§ 1692g and 1692e. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## CLASS ALLEGATIONS

57. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt by sending a collection letter which stated, "As of the date of this letter you owe the amount stated above. Because your account continues to accrue interest and may accrue late and other charges on all owed balances pursuant to your agreement with Citibank, N.A., the amount due on the date you pay may be greater . . ." without providing information sufficient to allow the least sophisticated consumer to determine the actual amount of the debt as required by 15 U.S.C. §§ 1692g and 1692e, from one year before the date of this Complaint to the present.

58. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

59. Defendant regularly engages in debt collection.

60. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending a collection letter which stated, "As of the date of this letter you owe the amount stated above. Because your account continues to accrue interest

5

and may accrue late and other charges on all owed balances pursuant to your agreement with Citibank, N.A., the amount due on the date you pay may be greater . . ." without providing information sufficient to allow the least sophisticated consumer to determine the actual amount of the debt as required by 15 U.S.C. §§ 1692g and 1692e.

61. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

63. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

64. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

   c. Find that Defendant's actions violate the FDCPA; and

   d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

   e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   f. Grant Plaintiff's costs; together with

   g. Such other relief that the Court determines is just and proper.

DATED: June 21, 2017

          **BARSHAY SANDERS, PLLC**

          By: _/s/ *Craig B. Sanders* _____
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 112827

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530